Cite as 2026 Ark. App. 29

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III

**No.** CV-24-556

| | |
|---|---|
| ROYAL RIDGE CONSTRUCTION, LLC | **Opinion Delivered** January 14, 2026 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCV-24-398] |
| V. | |
| JO LYNN SPRADLIN | HONORABLE GREG MAGNESS, JUDGE |
| APPELLEE | SUBSTITUTED OPINION ON DENIAL OF REHEARING; AFFIRMED |

## N. MARK KLAPPENBACH, Chief Judge

Royal Ridge Construction, LLC, appeals the circuit court order denying its motion to compel arbitration in a lawsuit filed by Jo Lynn Spradlin. We affirm.

In December 2020, Spradlin signed a contract for Royal Ridge to construct a home in Fort Smith. The contract, drafted by Royal Ridge, has nine pages with a total of twenty-one paragraphs that include provisions for the scope of the work, the compensation, cancellation and work-suspension rights, the commencement (January 2021) and completion (October 2021) dates, insurance and risk of loss, and site visits, among other topics. Paragraph sixteen on page seven is titled "Mediation and Arbitration – Small Claims." It provides that either party may request mediation or pursue a small claims action; if those two methods of dispute resolution do not work, then the final alternative is to

pursue mandatory arbitration.  Paragraph sixteen has its own internal signature lines for both parties:

THIS ARBITRATION CLAUSE WAS SEEN AND AGREED TO:

_____          _____          _____
(Owner)                 (Owner)                 (Contractor)

Only Spradlin signed this paragraph's signature lines.

The nineteenth paragraph is titled "Severability," and it recites that if any provision of the contract is determined by a court to be invalid or unenforceable, then the remainder of the contract will remain in full force and effect.  On page nine, there are signature and date lines for both partes:

SEEN AND AGREED TO:

_____          _____
Owner                    Date          Contractor                 Date

_____          By_____
Owner                    Date          Signature                 Title

Only Spradlin signed and dated it.

Ultimately, Spradlin was dissatisfied with Royal Ridge's construction.  Spradlin initiated arbitration, and the parties had an initial arbitration conference call in February 2024. Spradlin withdrew from arbitration when Royal Ridge could not produce a contract that it signed.

In April 2024, Spradlin filed a lawsuit in circuit court.  She appended the contract she signed.  Royal Ridge filed a motion to compel arbitration.  At the hearing on the motion, Jonathan Griffin (an owner of Royal Ridge) testified that the company would

2

typically sign the contract and he would be surprised if it had not, but a signed copy could not be found. Griffin said Royal Ridge had never before tried to enforce arbitration under a contract like this. Spradlin testified that she began with arbitration because she had signed the contract, but when she realized that Royal Ridge had not signed the contract, she pursued the lawsuit.

The circuit court denied the motion to arbitrate, focusing on whether there was mutual agreement and assent. The circuit court found it significant that there was a separate signature block for paragraph sixteen within the construction contract. Absent mutual assent, Royal Ridge could not demand arbitration nor would the court compel it. This appeal followed.

An order denying a motion to compel arbitration is immediately appealable. Ark. R. App. P.–Civ. 2(a)(12) (2025). We review a circuit court's denial of a motion to compel arbitration de novo on the record. *Heather Manor Care Ctr., Inc. v. Marshall by Ellis*, 2024 Ark. App. 596, 704 S.W.3d 134. While we are not bound by the circuit court's decision, in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal. *Id.* When a court is asked to compel arbitration, it is limited to deciding two threshold questions: (1) whether there is a valid agreement to arbitrate between the parties and, (2) if such an agreement exists, whether the dispute falls within its scope. *Id.*

Was there a valid arbitration agreement between the parties? The parties agree that this is the dispositive issue. We look to state contract law to determine whether the parties' agreement is valid. *Id.* In Arkansas, the essential elements for an enforceable arbitration

3

agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation. *Id.* Royal Ridge, as the proponent of the arbitration agreement, has the burden of proving these essential elements. *Id.* The reviewing court employs an objective test for determining mutual assent, looking for objective indicators of agreement and not subjective opinions. *Pine Hills Health & Rehab., LLC v. Matthews*, 2014 Ark. 109, 431 S.W.3d 910; *STAP, Inc. v. Sutterfield*, 2020 Ark. App. 18, 592 S.W.3d 249.

This construction contract, drafted by Royal Ridge, contains the paragraph on arbitration that has its own signature lines for both parties. What would be the purpose of the signature lines related solely to the arbitration provision if not to manifest mutual assent to arbitration? The construction contract also contains a severability clause that provides that if any paragraph's provisions are deemed invalid, then the remainder of the contract provisions remain in effect. Royal Ridge agreed to construct the house for Spradlin and was paid for its services. Royal Ridge did not, however, manifest its assent to the arbitration provision, the only provision embedded within the contract that had signature lines for both parties. Royal Ridge fails to convince us that the circuit court committed reversible error.

Affirmed.

GLADWIN, HARRISON, HIXSON, MURPHY, and BROWN, JJ., agree.

*Bradley D. Hull*, for appellant.

*Robertson, Beasley, Shipley & Robinson, PLLC*, by: *Christopher J. Hooks*, for appellee.

4